UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62537-RAR

**JANNA KARPOVTSEVA**,

    Plaintiff,

v.

**AIG PROPERTY CASUALTY COMPANY**,
*a Foreign Corporation,*

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [ECF No. 37] ("Motion"), filed on April 29, 2022. Defendant AIG Property Casualty Company asserts it is entitled to summary judgment on Plaintiff Janna Karpovtseva's claims arising from Defendant's denial of a first-party property insurance claim. Having considered the Motion, Plaintiff's Response [ECF No. 40] ("Response"), Defendant's Reply [ECF No. 48] ("Reply"), the parties' Statements of Material Facts [ECF Nos. 36, 42, 48], Defendant's Notices of Supplemental Authority [ECF Nos. 50, 51, 52], the record, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 37] is **GRANTED** as set forth herein.

### BACKGROUND

This case arises from a property insurance policy between the parties. Def.'s Statement of Material Facts [ECF No. 37] ¶¶ 1-5; *see also* [ECF No. 37-1] ("Policy"). The Policy insured Plaintiff's property against "direct physical loss." *Id*. at ¶ 6. The Policy required Plaintiff to give Defendant "prompt notice" in the event of any loss to the property. *Id*. at ¶ 8 (quoting Policy at

17). Plaintiff claims that Hurricane Irma damaged her property on September 10, 2017. *Id*. at ¶ 8. Plaintiff's August 27, 2020 reporting of the claim occurred 1,082 days after the alleged September 10, 2017 date of loss. *Id*. at ¶ 12. As part of its claim investigation, Defendant retained Timothy O'Brien to inspect Plaintiff's property. *Id*. at ¶ 18. O'Brien was unable to causally attribute any roof damage to Hurricane Irma—and instead attributed the damage to wear and tear. *Id*. at ¶ 20. Plaintiff elected not to depose O'Brien. *Id*. at ¶ 24.

On April 6, 2022—the last day of discovery—Plaintiff served an incomplete Rule 26(a)(2) disclosure naming Grant Crocket as Plaintiff's expert on causation. *See Discovery Order* [ECF No. 32] at 2 ("Then, on April 6, 2022— the last day for discovery per the Court's scheduling order—Plaintiff sent Defendant her disclosure of expert Grant Crocket, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Neither the report provided on March 28 nor the disclosure on April 6 contained the information required by Rule 26(a)(2)(B)(iv)–(vi)."). On April 14, 2022, the Magistrate Judge appropriately struck Plaintiff's incomplete and untimely expert witness disclosure. *Id*. Plaintiff failed to file an objection to the Discovery Order striking Plaintiff's expert. Accordingly, the Order stands, and Plaintiff has presented no expert testimony to the Court.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable factfinder to find for the non-moving party. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party bears the burden of proving the

absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013). Furthermore, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts," summary judgment "may be inappropriate." *Id.* (citation omitted).

## **ANALYSIS**

Defendant spends the majority of its Motion, Reply, and Notices of Supplemental Authority arguing that it is entitled to summary judgment because Plaintiff failed to provide prompt notice of its claim as a matter of law. Defendant asserts that given Plaintiff's failure to provide prompt notice, prejudice to Defendant is presumed, and Plaintiff cannot rebut the presumption of prejudice. While the Court has previously written on this exact issue and held that policy language identical to the language in this case "expressly requires a showing of prejudice" under Florida law, *SFR Servs., LLC v. Hartford Ins. Co. of the Midwest*, No. 21-CV-81330-RAR, 2022 WL 2340519, at *4 (S.D. Fla. June 29, 2022) (quoting *Godfrey v. People's Tr. Ins. Co.*, 338 So. 3d 908 (Fla. 4th DCA 2022)), here, there is a much more fundamental issue with Plaintiff's claim. Namely, Plaintiff fails to provide any expert testimony as to causation. Accordingly, as explained below, it is undisputed that the damage to Plaintiff's property is the result of general wear and tear and not a covered event as Plaintiff claims.

"In insurance coverage disputes such as this, it is well-settled that expert evidence is generally necessary to establish the cause and scope of damage." *Porben v. Atain Specialty Ins. Co.*, 546 F. Supp. 3d 1325, 1330 (S.D. Fla. 2021); *see also Young v. Lexington Ins. Co.*, 269 F.R.D.

692, 694 (S.D. Fla. 2010) ("It is a known fact in cases such as this that expert witnesses are essential to establish the extent of damage caused by a windstorm."); *Peek v. Am. Integrity Ins. Co. of Fla.*, 181 So. 3d 508, 509–11 (Fla. 2d DCA 2015) (plaintiffs could not establish cause of loss where they did not present expert testimony or other evidence as to the cause of loss). "Where a plaintiff cannot show evidence that their loss is covered, a plaintiff 'cannot show [Defendant] breached the terms of the Policy by refusing to pay their claim.'" *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-CV-23362-KMM, 2018 WL 3412974, at *9 (S.D. Fla. June 11, 2018), *aff'd*, 823 F. App'x 868 (11th Cir. 2020) (alteration in original) (granting summary judgment because, "without its experts, Plaintiff cannot show that the construction dust and debris from 2014 caused the alleged 'direct physical loss' to their awnings, retractable roof, HVAC system, railings, and audio and lighting system").

Further, "[w]hen the non-moving party bears the burden of proof on an issue at trial," as Plaintiff does in this case on their breach of contract claim, "the moving party need not 'support its motion with affidavits or other similar material negating the opponent's claim,' in order to discharge this initial responsibility." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Instead, the moving party simply may 'show'—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 325) (alterations incorporated).

As part of its claim investigation, Defendant's expert Timothy O'Brien inspected Plaintiff's property. *See* Def.'s Statement of Material Facts ¶ 19; *see also Timothy O'Brien Affidavit and Report*, [ECF No. 36-7]. Based on his investigation, O'Brien stated he "was unable to attribute the condition of the roof to any weather event occurring on or about September 10,

2017." *Id*. at 2. Further, he stated that "the condition of the roof was due to normal wear and tear, normal exposure to the elements, and other normal degradation due to the roof's old age[.]" *Id*.

As explained above, Plaintiff provides no expert testimony to counter O'Brien's expert opinions. In fact, she makes no effort in her Response to address the lack of evidence that the damage to Plaintiff's property was caused by Hurricane Irma.[1] She simply claims that O'Brien's report, which patently states that the damage to the roof was *not* due to Hurricane Irma, somehow supports her position. This is false. Accordingly, because "[P]laintiff cannot show evidence that [her] loss is covered, [the] [P]laintiff cannot show [Defendant] breached the terms of the Policy by refusing to pay [her] claim." *Mama Jo's, Inc.*, 2018 WL 3412974, at *9 (internal quotation omitted); *see also Perez v. W. World Ins. Co*., No. 1:21-cv-22164-KMM, slip op., at *9 (S.D. Fla. Feb. 2, 2022) ("Accordingly, it is undisputed that Plaintiffs have not adduced any expert witness evidence to establish causation or damages for their insurance contract claim. For this reason, Defendant is entitled to summary judgment.").

## **CONCLUSION**

In sum, the Court need not address the presumption of prejudice due to Plaintiff's delay in reporting the loss; Plaintiff's purported breach of the Policy by failing to cooperate; or Plaintiff's alleged failure to trigger the ordinance and law coverage. *See* Reply at 1-2. Because "Plaintiff has not disclosed any expert witness that can offer an opinion that Hurricane Irma caused any damage to Plaintiff's property," *id*., there is no disputed issue of material fact regarding causation and summary judgment is warranted.

---

[1] To the extent that Plaintiff points to other record evidence indicating that Hurricane Irma was the cause of loss, that evidence must be disregarded as causation is solely the province of expert testimony. *Young*, 269 F.R.D. at 694; *see also Quattry v. Covington Specialty Ins. Co*., No. 6:18-CV-1112-ORL-41DCI, 2019 WL 7423544, at *4 (M.D. Fla. Nov. 19, 2019) (excluding plaintiffs' repair estimate from a licensed property insurance claims adjuster for plaintiff's failure to disclose the adjuster as an expert witness, because the "[adjuster]'s opinions do not constitute lay opinions and are therefore inadmissible under Rule 701.")

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 37] is **GRANTED**.  Summary judgment is hereby entered in favor of Defendant.  All other pending motions are **DENIED** as moot.  Final judgment will be entered by separate order.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of July, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**