UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62537-RUIZ/STRAUSS

JANNA KARPOVTSEVA,

    Plaintiff,

v.

AIG PROPERTY CASUALTY COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Bill of Costs [DE 55] (the "Motion"). The Motion has been referred to me to take all action as required by law [DE 58]. I have reviewed the Motion, the attachments thereto, Defendant's Memorandum in Support of Bill of Costs [DE 56], and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Defendant be awarded taxable costs in the amount of **$579.24**.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be

supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On July 18, 2022, this Court entered the Order Granting Defendant's Motion for Summary Judgment ("MSJ Order") [DE 53], as well as a separate Final Judgment [DE 54] in favor of Defendant, which provides that Plaintiff shall take nothing by this action. Thus, Defendant is clearly the prevailing party. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Removal Filing Fee | $402.00 |
| Service of Subpoena | $127.00 |
| Notary/Witness Fee | $112.24 |
| Mediation Expense | $1,192.50 |
| **Total** | **$1,833.74** |

Plaintiff "does not object to the relief requested in the Motion" (except to the extent that she prevails on her anticipated forthcoming appeal of the MSJ Order and Final Judgment, in which case Defendant may no longer be the prevailing party). *See* [DE 61]. Although Plaintiff has not objected to any of the costs sought, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Florida Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022).

First, as indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." Therefore, the $402 filing fee Defendant paid upon removal is clearly taxable under § 1920(1) and should be awarded.

Second, fees for service of a summons or subpoena by private process servers are also taxable under § 1920(1). *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). Therefore, only $65 of the $127 subpoena service charge should be awarded.

Third, as indicated above, fees and disbursements for witnesses are taxable under § 1920(3). While it is not entirely clear that the notary expense at issue falls within this category, it

is also not clear that the expense does not. Therefore, given Plaintiff's lack of objection, I recommend that the notary expense of $112.24 be awarded.

Finally, I recommend that the mediation expense of $1,192.50 not be awarded because mediation expenses are not taxable under § 1920. *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012); *Incarcerated Ent., LLC v. Cox*, No. 18-21991-CIV, 2019 WL 8989846, at *1 (S.D. Fla. Nov. 4, 2019).

For the foregoing reasons, Defendant should be awarded the $402 removal filing fee, $65 for the subpoena service cost, and $112.24 for the notary/witness fee – for a total award of $579.24.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 55] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Defendant taxable costs in the amount of **$579.24**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 20th day of August 2022.

Jared M. Strauss
United States Magistrate Judge